IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHARON R. MAIBEN, :
Plaintiff, :
v. : CIVIL ACTION 07-0287-M
MICHAEL J. ASTRUE, Commissioner of Social Security, :
Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21). Oral argument was waived in this action (Doc. 22). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** to the Social Security Administration for further proceedings not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-seven years old, had completed a tenth-grade education (Tr. 202), and had no relevant previous work experience (*see* Tr. 20). In claiming benefits, Plaintiff alleges disability due to degenerative change in the left knee, depressive disorder, hypertension, borderline intellectual functioning/mild mental retardation, and diabetes mellitus (Doc. 13 Fact Sheet).

The Plaintiff filed a protective application for SSI on March 8, 2004 (Tr. 55-60). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Maiben has the ability to perform unskilled medium-level work with certain restrictions (Tr. 11-22). Plaintiff requested review of the hearing decision (Tr. 9-10) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Maiben alleges that: (1) The ALJ improperly found that her obesity is not a severe impairment; (2) the ALJ improperly found that she did not meet the requirements of Listing 12.05(c); and (3) the ALJ failed

to pose a proper hypothetical question to the vocational expert (hereinafter *VE*) (Doc. 13). Defendant has responded to—and denies—these claims (Doc. 17).

Maiben has claimed that the ALJ failed to pose a proper hypothetical question to the VE.[1] The Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a vocational expert to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).

At the evidentiary hearing, the ALJ had the following questions for the VE:

> Q Let me ask you a couple of hypothetical questions, and in the first hypothetical question let me ask you to assume a person who is 47 years old, has a 10th grade education but for purposes of this first hypothetical, I'd like you to assume that the person is functioning at the borderline intellectual level. Now does that have a meaning to you as a vocational expert?
>
> A Yes, sir.
>
> Q Okay. I'd like you to assume that the person has no past relevant work experience. I'd like you to assume that the person from an exertional standpoint would be able to lift 50 pounds occasionally and 25 pounds frequently. I would like you to assume that the person would be able to sit six hours in an eight-hour-day, would be able to stand two hours in an eight-hour-day and would need to be able to change position from sitting to standing or standing to sitting at

[1]Because the Court finds that this claim has merit, it is unnecessary to discuss the other claims.

the person's discretion. I'd like you to assume that the person would not be able to engage in the climbing of ladders ropes or scaffolds. I'd like you to assume that the person would need to avoid exposure to dangerous machinery, dangerous heights. I'd like you to assume that the person would be limited to unskilled work and the work that required no more than occasional interaction with the general public. Let me stop there for the first hypothetical and ask whether you'd be able to identify any jobs in the regional or national economy a person with that profile could perform?

A Yes, it would be . . .[2]

***

Q Now in the course of your experience as a vocational expert have you had to consider limitations associated with mild mental retardation?

A Yes, sir.

Q Could you tell me what your experience has been regarding the ability to sustain employment by people that are afflicted with mild mental retardation?

A Yes, sir, my experience has simply been that given their environmental factors they, they can perform pretty well if they have a stable home environment and stable support network. If not, then oftentimes they, they have greater difficulty.

Q So they would have problems with – from your perspective as a vocational expert, you've seen problems in sustaining work –

A Yes, sir.

---

[2]In this omitted passage, the VE testified that the hypothetical person could perform the jobs of surveillance monitor, assembler, and arcade attendant and further testified to the number of those jobs in the state and national economies; the VE also stated that the information did not deviate in any way from the *Dictionary of Occupational Titles* (Tr. 217-18).

Q — if they do not have a number of other plus factors in their world?

A Yes.

(Tr. 216-18). The Court notes that, "[b]ased on the testimony of the vocational expert," the ALJ concluded that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" (Tr. 21).

The ALJ, in discussing Maiben's mental impairment, found that she had "moderate limitation in the ability to sustain concentration" (Tr. 16). The Court notes that the ALJ did not insert this limitation into the hypothetical question(s) posed to the VE. The Court cannot say, based on the evidence of record, whether a moderate limitation in the ability to sustain concentration would affect the ability to perform work as a surveillance monitor, assembler, or arcade attendant. In any event, it is not this Court's responsibility to make that decision.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evi- dence. Therefore, it is **ORDERED** that the decision of the Social Security Administration be **REVERSED** and that this action be **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering

of evidence as to what specific jobs Plaintiff can perform.[3] Judgment will be entered by separate Order.

DONE this 30th day of November, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

[3]The Court also notes that the ALJ has described the medical expert, Dr. John W. Davis, as an MD (Tr. 13), though the Court is fairly certain, based on reviewing many social security transcripts, that Davis is a Psychologist and not a medical doctor. To further compound the problem, the ALJ stated that Davis's qualifications appear in the file (Tr. 213); no such VITAE or resume appears in this transcript.

Although Davis testified as to medical evidence regarding mental impairments, a task for which he would appear to be qualified, the Court finds the Social Security Administration's failure to properly identify—and provide support for—its assertions of the qualifications of the medical expert to be unacceptable.