```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

SHARON R. MAIBEN,                        :
                                         :
    Plaintiff,                           :
                                         :
v.                                       :        CIVIL ACTION 07-0287-M
                                         :
MICHAEL J. ASTRUE,                       :
Commissioner of                          :
Social Security,                         :
                                         :
    Defendant.                           :

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act with supporting time sheet (Doc. 25) and Defendant's Objection to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 26). Although Plaintiff was allowed until March 20, 2008, to file a reply (*see* Doc. 27), none was filed. After consideration of the pertinent pleadings, it is **ORDERED** that the motion be **GRANTED** and that Plaintiff's counsel be **AWARDED** an Equal Access to Justice Act (hereinafter EAJA) attorney's fee in the amount of $2,473.35.

Plaintiff filed this action on April 19, 2007 (Doc. 1). After the issues in dispute had been briefed, the Court, by Order dated November 14, 2007, set this action for oral argument on December 17, 2007, at 9:00 a.m. (Doc. 18). On November 15, 2007, the parties filed a Joint Motion to Waive Oral Argument (Doc. 19), which was granted by Order dated November 16, 2007 (Doc.

22).  The parties also filed on November 15, 2007, a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. 20) and, by Order that same date, Judge Granade referred this action to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73 (Doc. 21).  Based on the record before the Court, the undersigned Judge, on December 3, 2007, entered a Memorandum Opinion and Order and Judgment in favor of Plaintiff, reversing the decision of the ALJ and remanding this action for further administrative proceedings consistent with that Opinion (Docs. 23, 24).

On February 27, 2008, Byron A. Lassiter, counsel for Plaintiff, filed an Application for Attorney Fees Under the Equal Access to Justice Act with supporting time sheet, in which Plaintiff asserts that Defendant's position was not substantially justified and requests a fee of $2,473.35, computed at an hourly rate of $164.89 for 15 hours spent in this Court (Doc. 25).

Defendant, in his Objection filed March 12, 2008 (Doc. 26), contends that the Court should find that the Commissioner's position was substantially justified and requests that Plaintiff's claim for EAJA attorney's fees be denied (Doc. 26).  Defendant does not object to the hours or hourly rate requested.

The EAJA requires a court to

> award to a prevailing party ... fees and
> other expenses ... incurred by that party in

2

> any civil action ..., including proceedings
> for judicial review of Agency action, brought
> by or against the United States ..., unless
> the court finds that the position of the
> United States was substantially justified or
> that special circumstances make an award
> unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.  Defendant concedes that Plaintiff meets the first two conditions but asserts the Government's position was substantially justified.

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its positions were 'substantially

justified' or that there exist 'special circumstances' which countenance against the awarding of fees." *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)). That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it took. *Myers*, 916 F.2d at 666 (citations omitted). The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department .... Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees." *Myers*, 916 F.2d at 666 n.5 (emphasis in original; citations omitted). Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Memorandum Opinion and Order dated December 3, 2007 (Doc. 23), the Court found as follows:

> Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Maiben alleges that: (1) The ALJ improperly found that her obesity is not a severe impairment; (2) the ALJ improperly found that she did not meet the requirements of Listing 12.05(c); and (3) the ALJ failed to pose a proper hypothetical question to the

vocational expert (hereinafter *VE*) (Doc. 13). Defendant has responded to—and denies—these claims (Doc. 17).

Maiben has claimed that the ALJ failed to pose a proper hypothetical question to the VE.[1]  The Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a vocational expert to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision.  *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).

....

The Court notes that, "[b]ased on the testimony of the vocational expert," the ALJ concluded that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" (Tr. 21).

The ALJ, in discussing Maiben's mental impairment, found that she had "moderate limitation in the ability to sustain concentration" (Tr. 16).  The Court notes that the ALJ did not insert this limitation into the hypothetical question(s) posed to the VE.  The Court cannot say, based on the evidence of record, whether a moderate limitation in the ability to sustain concentration would affect the ability to perform work as a surveillance monitor, assembler, or arcade attendant.  In any event, it is not this Court's responsibility to make that decision.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.

---

[1] Because the Court finds that this claim has merit, it is unnecessary to discuss the other claims.

5

(Doc. 23, pp.2-3,5).

Defendant in his Objection (Doc. 26) states that there was a reasonable basis in law and fact for the Commissioner's position that Plaintiff has the ability to perform unskilled medium-level work with certain restrictions.  With regard to the Court's finding that the ALJ inconsistently found that Plaintiff was moderately limited in her concentration due to her mental impairment but did not include such limitation in the hypothetical question he posed to the vocational expert, the response to which he ultimately relied upon in rendering his decision, Defendant states:

> [T]he ALJ's reference in this regard specifically addressed the issue of whether Plaintiff had an impairment or a combination of impairments that met or equaled the requirements of an impairment in the Commissioner's regulations that are presumptive of disability, which is distinct from the issue of remaining physical and mental functional abilities as determined in a residual functional capacity (Tr. 16). Indeed, Social Security Ruling 96-8p <u>expressly cautions</u> that the adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria of the Commissioner's adult mental disorders listings in § 12.00 of the Listing of Impairments, found in 20 C.F.R. pt. 404, subpt. P, app. 1, which are presumptive of disability, and summarized on the Psychiatric Review Technique Form (PRTF), in categories identified in the "paragraph B" and "paragraph C" criteria, <u>are not a residual functional capacity assessment</u> but are used to rate the <u>severity</u> of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.  <u>See</u> S.S.R. 96-8p.  The mental

> residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings and summarized on the PRTF.  See id.

(Doc. 26, pp.3-4).

Defendant further contends that limitations from interacting with the general public more than occasionally and performing more than unskilled tasks adequately contemplated limitations resulting from Plaintiff's mental impairments.  For the reasons set out in Defendant's Objection and in his Proposed Report and Recommendation, including Plaintiff's education, failure to seek mental health treatment, and daily activities, Defendant contends that the ALJ's decision in this regard was reasonable.

As set out above and in the Memorandum Opinion and Order and Judgment, the Court found that, based upon a review of the entire record, the ALJ's decision was not supported by substantial evidence.  Therefore, the Court remanded this action to the Social Security Administration for further administrative proceedings, to include, at a minimum, a supplemental hearing for the gathering of evidence as to what specific jobs Plaintiff can perform (Docs. 23, 24).  The Court now **FINDS** that Defendant's position was not substantially justified in that there was not a reasonable basis in law and fact for the position it took.

Having found that the three prerequisites have been

satisfied, the Court will now discuss the fee to be awarded in this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  <u>Watford v. Heckler</u>, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting <u>Hensley v. Eckerhartt</u>, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended" ....  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private sector, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

<u>Hensley</u>, 461 U.S. at 434 (citations omitted).  Counsel must use

professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  <u>Norman v. Housing Authority</u>, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action for a total of 15 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to

>determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation."  ...  The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[2].  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).  Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.  Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience.  Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing.  Id.

For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour.  See e.g., Smith

---

[2] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

v. Massanari, Civil Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari, Civil Action 00-0530-RV-C (May 4, 2001); and Square v. Halter, Civil Action 00-0516-BH-L (April 12, 2001).  Recently, in an action before Judge Cassady, that rate was increased to account for the ever-increasing cost of living.  Lucy v. Barnhart, CA 06-0147-C.  In Lucy, the Court adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[3])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (Id. At 11, quoting Doc. 31, at 2).  The undersigned agrees with Judge Cassady that the time has come to adjust the hourly rate and also adopts this formula in arriving at the appropriate hourly rate.

The temporal midpoint in this action was August 9, 2007, the complaint having been filed on April 19, 2007 (Doc. 1), and the Court having entered its Order and Judgment on December 3, 2007 (Docs. 23, 24).  The CPI-U for August 2007 was 201.041.

---

[3] "The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] ... [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment."  Lucy v. Barnhart, CA 06-0147-C, Doc. 31, at 3.

Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 201.041/152.4.  Completion of this equation renders an hourly rate of $164.89.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff's attorney be **AWARDED** an EAJA attorney's fee in the amount of $2,473.35.

DONE this 8th day of April, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE